IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PHILLIP CHARLES MCGILBERRY**            **PLAINTIFF**

**v.**            **No. 4:21CV168-JMV**

**TIMOTHY MORRIS, ET AL.**            **DEFENDANTS**

**ORDER DISMISSING CASE AS UNTIMELY FILED**

This matter comes before the court on the *pro se* prisoner complaint of Phillip Charles McGilberry, who alleges unconstitutionally harsh conditions of confinement under 42 U.S.C. § 1983. As the court set forth in its show case order [16], it appears that the instant case is untimely filed.[1,2] In that order, the court provided the plaintiff the opportunity to show cause why the instant case should not be dismissed as untimely filed. In his response to that order, the plaintiff provided some prison correspondence from 2019 (before this case was filed and after the limitations period expired) regarding tracking his inmate mail and an order from a closed 2016 § 1983 case he filed in this court (*McGilberry v. Morris, et al.*, 4:16CV40-SA-DAS) regarding the deadline to respond to the defendants' summary judgment motion in that case. Doc. 18. None of these submissions is relevant to whether the instant case was filed within the three-year limitations period.

Generally, an affirmative defense must be pled, and not raised by the court *sua sponte*. A court may, however, do so when all of the relevant facts are contained in the record before the

---

[1] *See Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993) (federal court borrows state's general statute of limitations in § 1983 cases); Miss. Code Ann. § 15-1-49 (setting forth Mississippi's three year general limitations period).

[2] Though not part of the show cause order, it also appears that the instant case could be dismissed under the doctrine of *res judicata*, as the plaintiff has raised claims arising out of the same incident in a previous case ((*McGilberry v. Morris, et al.*, 4:16CV40-SA-DAS). However, as the court's show cause order centered on timeliness, *res judicata* will not be the basis of the court's ruling in the instant order.

court and are uncontested. *Mowbray v. Cameron County, Texas*, 274 F.2d 269 (5th Cir. 2001). In that situation, "we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention by technically correct and exact pleadings." *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar.1981). In the present case, the relevant facts are uncontested[3] and the legal outcome unambiguous.

The events described in the complaint occurred on July 18, 2014.[4] Doc. 1 at 5. Thus, the statute of limitations regarding claims arising out of those events expired on July 18, 2017 (July 18, 2014 + 3 years). The instant complaint was filed on November 1, 2021, some four years after the limitations period expired. To satisfy the requirements of due process, the court provided the plaintiff the opportunity to argue why he believes that his complaint is nonetheless timely, and, as discussed above, he has not done so. As such, the instant case is untimely filed and is thus **DISMISSED** with prejudice as frivolous.[5] **This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).**

**SO ORDERED**, this, the 20th day of July, 2022.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[3] The court will treat the plaintiff's facts regarding the date of the incident as true for the purposes of this order.

[4] In the 2016 complaint the plaintiff filed regarding these facts, he stated that the events took place in 2013 (*McGilberry v. Morris, et al.*, 4:16CV40-SA-DAS (Doc. 19 at 3)). However, an MDOC incident report from that case states that the events occurred in 2015. *Id*. (Doc. 32 at 130). No matter which year the court uses in its calculation (2013, 2014, or 2015), the instant complaint is untimely filed.

[5] Under 28 U.S.C. § 1915(g), a district court may dismiss as frivolous a *pro se* prisoner complaint filed after the expiration of the applicable statute of limitations. *Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003)